IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

Tech Data Corp. v. Hitachi, Ltd., No. 13-cv-00157

Case No. C 07-5944 SC

MDL No. 1917

ORDER RE: SUPPLEMENTAL BRIEFING

    The Defendants' joint motion to dismiss, ECF No. 1992 ("MTD"), raises the issue of whether Tech Data's Florida complaint tolls a statute of limitations for Tech Data. The Court has not determined whether this is so, partly because the parties' opposition and reply briefs on the matter do not fully explain their positions. See ECF Nos. 2197 ("Tech Data Opp'n"), 2231 ("Reply"). The Court recognizes that this dispute may not be dispositive, given the parties' contentions regarding whether that particular complaint could toll any claim in this case, but the Court cannot make a fully reasoned holding on this point without more clarity from the parties.

    Specifically, Tech Data's opposition brief refers to a Florida

complaint filed in 2007 in support of its tolling argument, but the complaint they cite and include in their declaration is stamped 2011. See Opp'n at 8 (citing ECF No. 2198 ("Wagner Decl.") Ex. 9).[1] Obviously, these dates would provide vastly different tolling calculations if the Court were to find them relevant at all. Further, Defendants' reply brief suggests in a footnote that "even if Tech Data did benefit from tolling based on the State of Florida's complaint, it would have tolled the statute of limitations for only 367 days, which still renders Tech Data's [Florida Deceptive and Unfair Trade Practices ("FDUTPA")] claim untimely." Reply at 12 n.11. The reply does not directly explain how Defendants calculated this number: for example, it is important for such a calculation to note the relevant complaint's filing date, as well as the date tolling would end based on that complaint (e.g., dismissal based on a stipulation, and whether the dismissal should be calculated as of the Special Master's or the Court's approval). Defendants cite, apparently by analogy, a different section of the reply brief that concerns different parties and different complaints.

Based on what the parties have presented on this issue, the Court can make no decision on this aspect of the parties' dispute. The result may or may not be relevant, but the Court ORDERS Defendants and Tech Data to submit supplemental briefing on this matter, clarifying the issues above (and any secondary issues that may necessarily arise from those clarifications).

---

[1] Tech Data also cites Florida Statutes section 501.07(1)(c) in this part of their brief, but that section was repealed. The Court assumes that Tech Data meant to cite Section 501.207(1)(c), but if that assumption is wrong, Tech Data should cite the correct statute.

Tech Data is to file a supplemental brief clarifying their position and identifying the operative Florida complaint within ten (10) days of this Order's signature date. Defendants are to respond within seven (7) days of Tech Data's supplemental brief. The parties' briefs are limited to five (5) pages.

IT IS SO ORDERED.

Dated: January 8, 2014

_____
UNITED STATES DISTRICT JUDGE

3